IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERESA ELLIS,

    Plaintiff,

v.

HUTCHINSON REGIONAL MEDICAL
CENTER, INC.,

    Defendant.

Case No. 22-1085-KHV-ADM

**MEMORANDUM AND ORDER**

This matter comes before the court on plaintiff Teresa Ellis's ("Ellis") Amended Motion for Leave to File Second Amended Complaint. (ECF 56.) By way of this motion, Ellis seeks to amend her complaint to add a claim under KAN. STAT. ANN. § 65-4928 against defendant Hutchinson Regional Medical Center, Inc. ("HRMC"). The deadline for motions to amend the pleadings was October 27, 2022, one week before Ellis filed her motion to amend. As explained below, the court grants the motion because Ellis has demonstrated good cause to amend the complaint to add this statutory claim.

**I.  BACKGROUND**

On April 4, 2022, Ellis filed her complaint against HRMC and Dr. Christopher Kain, a doctor at HRMC. Ellis alleges battery by Dr. Kain; that she reported the battery and other misconduct by Dr. Kain to HRMC, including misconduct towards a patient; and that HRMC terminated her employment as a result. (ECF 1.) After HRMC filed a motion to dismiss, Ellis filed an amended complaint as a matter of course on July 22, 2022, which superseded her original complaint and mooted HRMC's motion to dismiss. (ECF 7, 14, 15, 47.) The amended complaint alleges a common law assault and battery claim against Dr. Kain and various federal and state

1

claims against HRMC arising from her termination, including claims of sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; retaliation under Section 1557 of the Affordable Care Act. 42 U.S.C. § 18116, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; and Kansas common law negligence and retaliatory discharge.  (ECF 14.)  On August 5, HRMC answered and denied the claims.  (ECF 18.)  On September 14, the court issued a scheduling order establishing an October 27 deadline to amend the pleadings and a deadline of January 20, 2023, to complete discovery.  (ECF 34.)  The docket reveals that, since discovery opened in August, the parties exchanged Rule 26 initial disclosures and agreed to a protective order; defendants served written discovery; Ellis moved to strike Dr. Kain's counterclaims, culminating in a stipulation of dismissal with prejudice as to the dispute between Ellis and Dr. Kain that mooted her motion to strike; Ellis and HRMC filed a stipulation dismissing Ellis's negligence claim with prejudice; and Ellis served her Rule 26(a)(2) expert disclosures.  (ECF 20-23, 36-43, 45-46, 52, 54.)

According to Ellis's motion to amend, Ellis's counsel "discovered" KAN. STAT. ANN. § 65-4928 on Saturday, October 29, while he was reviewing a complaint filed in another matter. (ECF 56, ¶ 4.)  Ellis contends it is "a rarely cited statute that prohibits employers from discriminating against any employee who makes a report pursuant to K.S.A. 65-4923," that applies to this case.  (ECF 56, ¶¶ 4-5.)  Ellis's attorney therefore drafted a proposed second amended complaint that removed Dr. Kain as a defendant, updated Counts I and II (assault and battery and negligence) to indicate they had been dismissed with prejudice, and added a claim under KAN. STAT. ANN. § 65-4928.  (ECF 56-1.)  He sent a redlined version of the draft (to compare the proposed pleading to the operative amended complaint) to HRMC's counsel on Tuesday, November 1, to see if HRMC would consent to the amended pleading.  (ECF 56, ¶ 6.)  The next

2

day, HRMC declined to give consent.  (*Id.* ¶ 7.)  On November 3, Ellis filed a motion for leave to file a second amended complaint.  (ECF 55.)  Ellis filed the current amended motion for leave to file a second amended complaint the following day.  (ECF 56.)[1]  According to the motion, Ellis was planning to serve discovery responses and her own written discovery on HRMC and schedule depositions during the week of November 7.  (*Id.* ¶ 8.)  No depositions have yet occurred.  (*Id*.)  HRMC opposes the motion as untimely and unduly prejudicial.  (ECF 59.)

## II.    LEGAL STANDARD

When a party moves to amend after the scheduling order deadline, the moving party must (1) demonstrate good cause under Federal Rule of Civil Procedure 16(b)(4), and (2) satisfy the standards for amendment under Rule 15(a).  *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).  The moving party must show good cause for failing to move to amend prior to the cutoff date <u>and</u> for the length of time between learning of the new information warranting amendment and moving to amend.  *See Birch v. Polaris Indus.*, *Inc.*, 812 F.3d 1238, 1248 (10th Cir. 2015).  Whether to grant a motion to amend is within the court's sound discretion.  *Gorsuch*, 771 F.3d at 1240.

## III.   ANALYSIS

Ellis has established good cause for failing to move to amend before the October 27 deadline to amend the pleadings.  Ellis explains that her attorney was reviewing a complaint in another matter on October 29 when he "discovered K.S.A. 65-4928, a rarely cited statute that prohibits employers from discriminating against any employee who makes a report pursuant to K.S.A. 65-4923."  (ECF 56, ¶ 4.)  The court understands from this argument that, before October

---

[1] The court denied the motion filed on November 3 as moot in light of the amended motion. (ECF 57.)

3

29, Ellis's counsel was not aware of this statutory basis for a claim. Once Ellis learned of this new statutory claim, Ellis was diligent in moving to amend her complaint. Ellis's counsel provided a draft second amended complaint to opposing counsel on November 1, and filed a motion to amend on November 3, one day after opposing counsel told him HRMC would not consent to the amendment. Therefore, Ellis did not delay in filing her motion to amend once she became aware of her Kansas statutory claim.

HRMC argues the proposed amendment is untimely and will causes undue prejudice to HRMC. HRMC points out that six months have passed since Ellis filed the original complaint, she already amended her complaint after HRMC filed a motion to dismiss, and "[t]he pleadings should be closed so that additional discovery can take place and the case can move forward." (ECF 59, at 2-3.) But HRMC does not explain how the amendment is untimely or will prejudice HRMC, given that discovery does not close for more than two months. HRMC admits the parties have not even scheduled Ellis's deposition yet. (ECF 59, at 3.) According to Ellis's motion, no depositions have taken place yet (ECF 56, ¶ 8), so no depositions will have to be retaken in light of the amendment. Although HRMC contends it will have to issue additional written discovery related to the new claim, there is still plenty of time to conduct discovery on this claim before discovery closes. Moreover, because the conduct underlying the statutory claim was alleged in the original complaint and amended complaint, HRMC likely has already served discovery pertinent to the conduct underlying the Kansas statutory claim. Thus, HRMC has not shown it will be prejudiced by the timing of the proposed amendment.

In sum, Ellis's motion to amend was filed only one week after the deadline in the scheduling order. Over two months of discovery remain, and the facts underlying Ellis's newly asserted claim were alleged in the original and amended complaints. The case has not progressed

4

to the point where HRMC would be prejudiced by the amendment. Accordingly, the court will allow the amendment.

**IT IS THEREFORE ORDERED** that plaintiff Teresa Ellis's Amended Motion for Leave to File Second Amended Complaint (ECF 56) is granted. The court directs Ellis to file her second amended complaint (ECF 56-2) as a separate docket entry within five days of the date of this Memorandum and Order.

**IT IS SO ORDERED.**

Dated November 15, 2022, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge